**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| DENISE L. HOLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00101-HEA |
| | ) |
| FELIX VINCENZ, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Denise Holman brings this civil action against defendants associated with the Missouri Department of Mental Health, alleging violations of her civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file an amended complaint on the Court-provided form in compliance with the instructions set out below. The Court warns Plaintiff that her failure to comply with this Order could result in dismissal of this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

As best as the Court can decipher from the Complaint, Plaintiff was committed to the Missouri Department of Mental Health ("MDMH") from approximately 2010 until 2022, after pleading not guilty by reason of mental disease or defect excluding responsibility ("NGRI"). ECF No. 1 at 9-10. At some point in 2022, it appears that she was released. At the time of Complaint filing in December 2024, Plaintiff was not committed or incarcerated.

2

Plaintiff's legal claims focus on the time when she was committed to the MDMH, and she names many individuals associated with the MDMH as defendants, including an unspecified number of Doe defendants.  *Id.* at 3-6.  Some defendants are named in their individual capacity only, but no capacity is stated for certain defendants.  *Id.* at 4-6 (no capacity stated for defendants Lisa Parker-Scott, Peter Fahnestock, Michelle Hoff, Unknown John Does, and Unknown Jane Does).  Plaintiff alleges that the defendants violated her Fourteenth Amendment "right to privacy and due process liberty interest," her Eighth Amendment protection from cruel and unusual punishment, her Thirteenth Amendment protection from "involuntary servitude," and her Fifth Amendment right to due process.  *Id.* at 7.

Plaintiff asserts that the defendants were "acting under the color of law" when they forcibly medicated her from 2010-2022, denied her access to transition to the community, and dismissed her legal complaints and concerns about her civil commitment under a presumption that she was mentally ill.  *Id.* at 9.  She also alleges that they forced her to participate in a "Client Work Program" ("CWP") and forced her to be vaccinated against COVID.  *Id.*

Plaintiff alleges many physical and emotional injuries resulting from her commitment and forced medication.  *Id.* at 10.  In terms of relief, she seeks injunctive relief "to establish policy where medication is a choice not a requirement" and a re-evaluation of the conditional release regulations.  *Id.* at 9.  She also requests actual and punitive damages totaling eight (8) million dollars.  *Id.* at 13.

## Discussion

Upon review of the Complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies in the pleadings.  However, because Plaintiff is self-represented and she has presented serious allegations to the Court, she will be allowed to amend her Complaint in

3

accordance with the instructions set forth below.  *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint).  Plaintiff should consider the following legal issues in filing her amended complaint.

**I.      Plaintiff must provide facts in support of her legal claims as to each named defendant.**

Plaintiff brings this civil action under the Fifth, Eighth, Thirteenth, and Fourteenth Amendments, alleging that her rights were violated when she was committed to the care of the MDMH.  For purposes of analysis, the Court will liberally construe these claims as being brought under 42 U.S.C. § 1983.[1]  The United States Supreme Court has explained that "[c]onstitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts. … Instead, constitutional rights are generally … asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024).  Furthermore, the Eighth Circuit has held that a Fourteenth Amendment due process claim should be structurally treated as a claim brought for relief under 42 U.S.C. § 1983, since a claim may not be brought directly under the Fourteenth Amendment.  *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000).

Plaintiff's Complaint makes essentially the same allegations against the fourteen (14) individual defendants, stating that these defendants:

> …with deliberate indifference dismissed Plaintiff's claims of invalidity of NGRI judgment due to mental illness stigma.  Announced in 2020 no clients could have a visit or go out unless vaccinated for COVID.  Initiated and conducted practices and customs that facilitate forcible drugging.  Initiated and conducted practices and customs that forced participation in client work program.

*Id.* at 10-12.

---

[1] Although not mentioned in her Complaint, Plaintiff's Civil Cover Sheet does state that she seeks relief under "1983." ECF No. 1-1.

In order to assert § 1983 claims against all the named defendants, Plaintiff must provide facts supporting the allegation that each defendant is personally liable for a violation of her rights. It is not enough for Plaintiff to conclude that the defendants acted with deliberate indifference towards her.  Plaintiff must provide facts as to each specific defendant that support a claim of deliberate indifference.  The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).  To state a plausible cause of action, "[a] pleading that merely pleads . . . naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Not only can Plaintiff's allegations not be conclusory, but they must also be specific as to each defendant named in his or her individual capacity. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Furthermore, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted).  Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted).

In order for Plaintiff's claims to survive § 1915 review, Plaintiff's amended complaint must provide sufficient facts as to each named defendant for the Court to find that Plaintiff has stated a plausible § 1983 claim.

## II.    Each Doe defendant must be identifiable after discovery and there cannot be an indeterminate number.

Like the allegations against the named defendants, as to the "Unknown John Does" and "Unknown Jane Does," the Complaint states as follows:

> …with deliberate indifference dismissed Plaintiff's claims of invalidity of NGRI judgment due to mental illness stigma.  Initiated and conducted practices and customs that facilitate forcible drugging.  Initiated and conducted practices and customs that forced participation in client work program in order to facilitate Plaintiff's entry into conditional release program and maintain eligibility thereof.

*Id.* at 12.

In general, fictitious parties may not be named as defendants in a civil action.  *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  An action cannot proceed against unidentified defendants or an indeterminate number of Doe defendants.  *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

If Plaintiff wants this action to proceed against any John or Jane Doe defendants, she must provide enough facts such that the identity of each Doe defendant can be determined with reasonable discovery.  Plaintiff cannot make general allegations in her amended complaint against an undetermined number of unknown defendants.

## III.    Plaintiff must clearly differentiate the claims and relief sought in this case from her other pending civil case before this Court.

6

Plaintiff's Original Filing Form states that this case is related but not substantially equivalent to another case filed by Plaintiff in this Court, approximately two (2) weeks before this case was filed. ECF No. 1-2 (citing *Holman v. 10th Judicial Circuit of Marion Cnty. Mo.*, No. 2:24-cv-00090-HEA (E.D. Mo. filed Nov. 22, 2024)). In this other pending civil case, Plaintiff also seeks relief under the Fifth, Eighth, and Fourteenth Amendments but she names defendants associated with the state court criminal charges that led to her commitment with the MDMH. *Id.* at ECF No. 1 at 3 & 5. For relief, Plaintiff states that she seeks "damages from mental anguish, physical pain from forced drugging and side effects, [and] emotional distress." *Id.* at ECF No. 1 at 6.

Plaintiff cannot seek relief for the same injuries against different defendants in different cases. If Plaintiff is asserting a right to the same relief against multiple defendants, she needs to consider whether these cases should be joined[2] and if not, Plaintiff's amended complaint must be clear on how the claims raised in this matter differ from those pending in her other case before the Court.

**IV.    Plaintiff should not raise claims that are time barred by the statute of limitations.**

Because 42 U.S.C. § 1983 provides no specific statute of limitations period, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975); *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 claims are analogous to personal injury claims and are therefore subject to Missouri's five-year statute of limitations. *Sulik*

---

[2] Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:
    Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted).

In this case, Plaintiff complains about treatment while she was committed to the MDMH from 2010 to 2022. ECF No. 1 at 9. Plaintiff's Complaint in this matter is dated December 8, 2024. *Id.* at 13. Based on a five-year statute of limitations for § 1983 claims, Plaintiff's amended complaint should only raise claims based on events that have occurred since December 8, 2019.

### Instructions for Filing an Amended Complaint

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636-37 (3d ed. 2010))); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. Plaintiff must **type or neatly print** the amended complaint on the Court-provided Civil Complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by

8

the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See*

*U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out her alleged claims

in a simple, concise, and direct manner, and the facts supporting her claims as to each named

defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of

claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate

their claims within their pleadings and the contents of which shall be limited as far as practicable

to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name,

to the extent she knows it, of the defendant or defendants she wants to sue. *See* Fed. R. Civ. P.

10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the

caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly

listed. Plaintiff should also indicate whether she intends to sue each defendant in his or her

individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant

unless that person is directly related to her claim(s). The allegations in the amended complaint

may not be conclusory. Instead, Plaintiff must plead facts that show how each and every defendant

she names is personally involved in or directly responsible for the alleged harm.

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's

name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific

facts supporting her claim or claims against that defendant, as well as the constitutional right or

rights that defendant violated. If Plaintiff is suing more than one defendant, she should proceed in

the same manner with each one, separately writing each individual defendant's name and, under

that name, in numbered paragraphs, the factual allegations supporting her claim or claims against

that defendant and the constitutional rights violated. Plaintiff should only include claims that arise

out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, she is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell*, 909 F.2d at 1208.  It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them.  Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian*, 760 F.3d at 848.

If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this  27th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE